■ Erⅰc O. Schaefer, Appellant, v. Bernard Kneitz, Respondent.— In an action upon a promissory note (first cause of action) and to recover damages for breach of a contract for the sale of a retail bakery (second cause of action), the plaintiff vendor appeals from so much of a judgment of the Supreme Court, Nassau County, entered May 18, 1964 after a nonjury trial upon the opinion-decision of the court, as dismissed the second cause of action. Judgment, insofar as appealed from, affirmed, with costs. No opinion. Beldock, P. J., Ughetta, Hill and Rabin, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment insofar as appealed from and to grant judgment for the plaintiff on the cause of action for breach of contract, with the following memorandum: On August 1, 1961 plaintiff and defendant entered into a contract for the sale of a bakery business for $28,500; plaintiff was the seller, defendant was the buyer. Prior thereto, on June 30, 1961, the defendant had entered into a lease of the bakery store for a term of eight months, commencing August 1, 1961 and expiring on March 31, 1962. The lessor, 2-10 School Glen Realties, Inc., was then not the owner of the fee, but merely the assignee of a ground lease expiring on March 31, 1962; the fee title was held by an estate and the title was tied up in pending proceedings in the Surrogate's Court. Clause 3 of the contract for the sale of the bakery business provided, *inter alia,* that the sale was contingent upon defendant's " obtaining [of] a further lease for a term of 10 years or more for the [bakery store] * * * the term thereof to commence as of April 1st, 1962 or thereafter as agreed. In the event that such a lease is not obtainable by [defendant], or cannot be negotiated after extension or additional temporary lease for the said premises thereafter by mutual agreement; the sale * * * is to be deemed of no further force or effect, and the agreement no longer binding upon [defendant] ". Clause 8 of the contract contained the following proviso: " In the event that [defendant] shall continue in possession and in the conduct of a bakery establishment on any temporary basis, he may at his option at any time thereafter " cancel the contract and terminate all his obligations thereunder. The background of the eight-month temporary lease to defendant, and the contract proviso about his procurement of a long-term lease to start on April 1, 1962 " or thereafter as agreed," was the fact that (a) the landlord was not the owner of the fee, but merely the assignee of a ground lease expiring on March 31, 1962; and (b) the ownership of the fee was tied up in Surrogate's Court proceedings. Read against this background, the contract proviso about procurement of a long-term lease to start April 1, 1962 " or thereafter as agreed" obviously contemplated an extension of the temporary leasing or occupancy by defendant until the Surrogate's Court proceedings were concluded, and negotiations for a long-term lease were instituted with the then owner; and the option to cancel while " in possession * * * on any temporary basis " must be construed as referring to " temporary " occupancy after good-faith attempts to obtain an acceptable long-term lease had proved unsuccessful. In my opinion, clause 8 of the contract must be read with clause 3. So read, it is clear that defendant's option to cancel (in clause 8) was conditioned upon the failure of a good-faith attempt to obtain a long-term lease (as provided in clause 3). It is obvious that defendant did not make such good-faith attempt to obtain a long-term lease before he tried to cancel his contract to buy the bakery. The record is clear that such a long-term lease was available on reasonably satisfactory terms, since the new landlord offered to make such a lease at a rental slightly higher than the rental fixed in the eight-month lease. But defendant, instead of negotiating for a long-term lease, tried to get a reduction of the balance owed on the purchase contract from $27,500

to $15,000. Failing in this attempt, he abandoned the property, despite the availability of a long-term lease. Upon this record, defendant's noncompliance with clause 3 is clear. Since clause 8 was intended to operate only if bona fide attempts to obtain a long-term lease (pursuant to clause 3) had proved unsuccessful, the option to cancel (contained in clause 8) never became effective.